[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11403

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-01734-WCO

DAVID TUCKER,

Plaintiff - Appellant,

versus

FULTON COUNTY, GEORGIA,
ANGELA PARKER,
Director Fulton County Department of
Public Works, Individually and in her official capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 1, 2012)

Before CARNES, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

David Tucker appeals the district court's grant of summary judgment in favor of his employer, Fulton County, Georgia, in this job discrimination case.[1] He contends the district court erred when it dismissed his claims of: (1) discrimination based on race (black) and national origin (Guyanese) in violation of Title VII, 42 U.S.C. § 2000e et seq.; (2) discrimination based on race in violation of 42 U.S.C. §§ 1981 and 1983;[2] and (3) retaliation in violation of Title VII.

Tucker's salary discrimination claims put forward two theories of liability. One is that Fulton County paid him a lower starting salary than it paid similarly situated non-black and non-Guyanese employees. The other is that Fulton County denied him a pay raise based on his expanded job duties even though it gave similarly situated non-black and non-Guyanese employees raises on that basis. Tucker's retaliation claim alleges that Fulton County denied him a raise because he complained internally about salary discrimination and because he filed a charge about the same thing with the Equal Employment Opportunity Commission. For

---

[1] In his initial brief, Tucker expressly abandons his claims against Angela Parker. See Appellant Br. 4 n.1.

[2] Insofar as this case is concerned, there is no material difference in Title VII, § 1981, and § 1983 law. See Abel v. Dubberly, 210 F.3d 1334, 1338 n.3 (11th Cir. 2000); Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998). For that reason, we will discuss those claims together without distinction.

the reasons discussed in the magistrate judge's report and recommendation and in the district court's order granting summary judgment to Fulton County, we affirm the grant of summary judgment to Fulton County on Tucker's discrimination claims insofar as they are based on his starting salary and on Tucker's retaliation claim.

I.

That leaves for discussion Tucker's claim that Fulton County discriminated against him based on his race and national origin when it denied him a raise despite his expanded job duties. "We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court." Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263 (11th Cir. 2010). "We will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Id. at 1263–64. Otherwise, we won't.

About nine months after he started working for Fulton County, Tucker sent a letter to Michelle Lawrence, the Environmental Compliance Manager, detailing a number of duties he was performing that were outside of his job description. Lawrence then sent a memo to Chris Browning, the Assistant Director of the

Public Works Department, stating that although most of the duties Tucker had listed were within the "broader description" of his job duties, some of them were not. Browning in turn sent a memo to Angela Parker, the Director of the Department of Public Works, recommending that Tucker be given a raise. In that memo he told Parker:

> [Tucker's] duties and responsibility were generally limited to the management of environmental programs required for compliance with federal and state laws. However, due to the complexity of some of the laws and regulations, compliance required the development of various programs <u>resulting in Mr. Tucker's duties and responsibilities expanding</u> to include the development and management of various related projects . . . .
>
> Mr. Tucker has a Master's Degree in environmental engineering, a professional engineer's license and twelve years experience in the industry. Therefore, <u>his duties and responsibilities were expanded</u> to satisfy our need.
>
> As a result, I request consideration for an increase in salary. <u>Based upon his ability to provide the additional service we require</u>, I recommend an adjustment of his salary from $61,254 to $73,000 per year.

(Emphasis added.) Parker denied the raise.

Parker testified at her deposition that expanded job duties would have justified an increase in salary but that she remembered denying Tucker's request for a raise because it was sought on the basis of his qualifications, not any expansion of his job duties. In her summary judgment affidavit, however, Parker

4

stated that she had denied Tucker's raise because his job "had not significantly changed from when he was first hired," which implies some awareness that the raise was being sought on that basis.   In addition, she testified during her deposition that the documentary evidence she had provided during Fulton County's internal investigation of Tucker's discrimination charges probably was more accurate than her memory.  Included in that documentary evidence was not only Browning's memo to her but also an email Parker had sent to an internal investigator in which she "questioned how specifically had [Tucker's] job duties been expanded to warrant a salary adjustment."

## II.

"Disparate treatment claims can be proven using direct evidence (requiring no inference or presumption) or circumstantial evidence."  Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).  Plaintiffs using circumstantial evidence to prove their case often use the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct 1089 (1981).  See Smith v. Papp Clinic, P.A., 808 F.2d 1449, 1451 (11th Cir. 1987). Under that framework, the plaintiff bears the burden to make a prima facie case of discrimination by showing that:  (1) he belongs to a protected class; (2) he received

low wages; (3) similarly situated comparators outside the protected class received higher compensation; and (4) he was qualified to receive the higher wage. Cooper v. S. Co., 390 F.3d 695, 734–735 (11th Cir. 2004), overruled on other grounds by Ash v. Tyson Foods, Inc., 546 U.S. 454, 457, 126 S.Ct. 1195, 1197 (2006). "If the plaintiff makes this showing, he raises a presumption that his race [or national origin] motivated his employer to treat him unfavorably." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1325 (11th Cir. 2011).

Tucker belongs to two protected classes (black and Guyanese). There is evidence that Fulton County Public Works Department employees were considered qualified for a raise if their job duties expanded, that Tucker's job duties had expanded, and that he was still denied a raise. There is also evidence that Keith Laguite, who is similarly situated but white and non-Guyanese, was given a raise because his job duties had expanded. Tucker established a prima facie case.

Once the plaintiff establishes a prima facie case the burden shifts to the defendant "to articulate a legitimate, nondiscriminatory reason for its actions." Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1174 (11th Cir. 2010). Fulton County justifies its actions by asserting that Parker believed, albeit mistakenly, that Tucker's request for a raise was based on his qualifications and not on the basis of expanded job duties. The Department of Public Works policy at that time did not

6

allow a person who was already on the payroll to be given a raise based on qualifications, so she denied the request. That is the gist of Parker's deposition testimony.

Once the defendant articulates a legitimate, nondiscriminatory reason for its actions, as Fulton County has, the presumption of discrimination disappears and the burden shifts back to the plaintiff to present evidence that the articulated reason was merely pretext for unlawful discrimination. See Lockheed-Martin, 644 F.3d at 1325–26. "The focused inquiry in [this] last step requires the plaintiff to demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1275 (11th Cir. 2008) (quotation marks omitted).

Tucker has done that. There are inconsistencies and contradictions in the evidence about whether Fulton County's proferred reason for denying Tucker's raise request is the real one. The Browning memo, which Parker read, makes multiple references to Tucker's expanded job duties as the basis for giving him a raise. And in Parker's email to the internal investigator, she questioned how Tucker's job duties had been expanded to justify his raise, indicating that she knew that was the basis of the request. Yet, in her deposition testimony Parker said that

7

she had denied Tucker's raise because the request was not based on expanded job duties. Then again, in her summary judgment affidavit, Parker said that she had denied Tucker the raise because his job duties had not significantly changed. Given the varied reasons and explanations, and the statements in Browning's memo to Parker, there are enough "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Id. (quotation marks omitted). For that reason, Fulton County is not entitled to summary judgment on Tucker's claims (one claim based on more than one statute) that, after he was hired, he was entitled to a pay increase based on his expanded job duties but was denied one because of his race and national origin. We remand for further proceedings on those claims alone.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**